UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
JOSE CARRION MERCEDES,

                     Plaintiff,                       COMPLAINT

           -against-                      Civ. No. 15cv8588

THE CITY OF NEW YORK & N.Y.C. POLICE       **PLAINTIFF DEMANDS**
OFFICER NEIL ODONNELL,                                 **A TRIAL BY JURY**

                    Defendants.
------------------------------------------------X

Plaintiff, by his attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action pursuant to 42 U.S.C. §1983 *et seq.* for an incident of police brutality, battery, false arrest, malicious prosecution, and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about October 3, 2014 when Defendant N.Y.C. POLICE OFFICER NEIL ODONNELL (hereinafter "ODONNELL"), employed by the CITY OF NEW YORK assaulted, battered, wrongfully detained, falsely arrested and maliciously prosecuted Plaintiff JOSE CARRION MERCEDES (a/k/a JOSE A. CARRION") in New York County, New York.

2. On or about October 3, 2014 at approximately 8:10 p.m., ("the incident" or "time of the incident"), Plaintiff was present in front of his home at 561 West 141st Street, New York, New York, an apartment building.

3. Plaintiff was 63 years old at the time of this incident, and had recently undergone major surgery to repair his left foot, wore a visible cast on his ankle and could walk only with difficulty.

4. Defendant ODONNELL walked past Plaintiff, demanded Plaintiff's identification and ordered Plaintiff to turn down the volume of the music. Plaintiff complied and handed his identification to ODONNELL.

5. For several minutes, ODONNELL reviewed Plaintiff's identification and spoke on his cell phone as Plaintiff stood on the sidewalk outside of a gated area to the side of the apartment building. Defendant ODONNELL returned Plaintiff's identification, briefly spoke with Plaintiff, and walked away. Less than 60 seconds later, ODONNELL turned around and aggressively approached Plaintiff again. Suddenly and without justification, ODONNELL began to beat, batter, and brutalize Plaintiff. ODONNELL grabbed Plaintiff and hurled Plaintiff face-first into a metal fence, splitting open the top of Plaintiff's forehead. ODONNELL dragged Plaintiff, shoved him to the ground, and continued to physically attack him, beating and pummeling him. The 63 year old Plaintiff, who was recovering from foot surgery, was completely defenseless to ODONNELL'S attack.

6. ODONNELL arrested Plaintiff without probable cause and fabricated false charges of Resisting Arrest and Disorderly Conduct and falsely swore to documents filed with the New York County Criminal Court, including an Accusatory Instrument, and thereafter caused such charges to be filed in Criminal Court.

7. Plaintiff was seriously injured as a result of Defendant's actions, including, but not limited to his head, brain (MRI diagnosed injuries), spine (MRI diagnosed multiple herniations and nerve impingements), arms, wrists, and foot, which had prior surgery, were severely injured.

8. Plaintiff was detained and incarcerated pending his arraignment on these false charges. Plaintiff spent one night and several hours in jail before he was released.

9. Plaintiff returned to Criminal Court numerous times, refusing plea offers, ACD'S and insisting upon his right to trial, despite the ADA'S threat of harsher punishment and his lawyer's own admonitions about the risks involved in not accepting a plea, including an ACD.

10. During the pendency of the criminal court case, Defendant ODONNELL never tried to withdraw the false charges he caused to be filed against Plaintiff and never told the District Attorney's Office that Plaintiff should simply be released from prosecution.

11. This prolonged prosecution and looming threat of conviction and jail caused Plaintiff, who had never been arrested before, further anguish, embarrassment, and stress.

12. As indicated, Plaintiff adamantly refused to accept any sort of plea, refused an ACD and upheld his principles, despite his own criminal attorney's admonition that the District Attorney would take the case to trial and would seek a jail sentence if Plaintiff was convicted.

13. Finally, on September 17, 2015, a New York County Criminal Court judge dismissed all criminal charges filed against Plaintiff.

## JURISDICTION AND VENUE

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 in that this action arises under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and the doctrine of pendent jurisdiction, because the state claims arise from the same operative facts and are part of the same case or controversy.

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because Defendant the CITY OF NEW YORK resides in the District. Additionally, all Defendants are subject to personal jurisdiction in this District.

16. Prior to the commencement of this action, and within ninety days after the claim

arose, Plaintiff caused Notices of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK on October 15, 2014 and September 22, 2015, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the name and post office address of the Plaintiff and his attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

17. Over thirty days have elapsed since service of both Notices of Claim, and Defendant THE CITY OF NEW YORK has failed to settle or adjust this matter. A 50h hearing was held encompassing all State law claims, false arrest, battery and malicious prosecution.

18. This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

19. At all relevant times, Plaintiff is and was a resident of New York County, New York.

20. At all times relevant hereto, Defendant ODONNELL acted in his official capacity, and was an employee, agent, or servant of the Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983.

21. Defendant ODONNELL is an employee of The City of New York acting within the scope of his employment as an officer of the New York City Police Department.

22. THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants, including the individually named Defendants herein, who at all relevant times acted within the

course and scope of their employment.

### AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT ODONNELL

23. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. Defendant ODONNELL, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff. Defendant physically and forcibly detained and handcuffed Plaintiff, and falsely arrested him. All charges were ultimately dismissed by the New York County Criminal Court.

25. As a result of the foregoing, Defendant ODONNELL, acting under color of state law, violated 42 U.S.C. § 1983 *et seq.*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

26. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional and psychological pain, and was otherwise injured.

27. As a result of the foregoing, Plaintiff demands monetary damages against Defendant ODONNELL and is further seeking punitive damages against Defendant ODONNELL in an amount to be determined by jury.

## AS AND FOR A SECOND CLAIM PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT ODONNELL

28. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if more fully set forth herein.

29. Defendant ODONNELL, acting intentionally, maliciously, and without justification or probable cause, caused criminal charges to be filed against Plaintiff, which were ultimately dismissed by the New York County Criminal Court on September 17, 2015.

30. Defendant ODONNELL knew that such criminal charges were false charges and that Plaintiff had not committed any crime. Nevertheless, Defendant ODONNELL filed such criminal charges against Plaintiff with malice and with deliberate and reckless disregard for Plaintiff's rights. Defendant ODONNELL filed such criminal charges against Plaintiff as a subterfuge to hide and excuse the excessive force and battery he committed against Plaintiff.

31. As a result of the foregoing, Defendant ODONNELL, acting under color of state law, violated 42 U.S.C. §1983 *et seq.*, and deprived Plaintiff of rights secured by the Constitutions and laws of the United States and the State of New York including those rights protected by the Fourth and Fourteenth Amendments, his right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

32. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

33. As a result of the foregoing, Plaintiff demands monetary damages against Defendant ODONNELL and is further seeking punitive damages against Defendant ODONNELL in an amount to be determined by jury.

## AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. § 1983
## AGAINST DEFENDANT ODONNELL

34. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. On or about October 3, 2014, Defendant ODONNELL, acting intentionally, recklessly and/or with deliberate indifference to the rights, life and liberty of Plaintiff, assaulted, battered and caused physical and mental injuries to Plaintiff.

36. As a result of the foregoing, Defendant ODONNELL, acting under color of state law, violated 42 U.S.C. §1983 *et seq.*, and deprived Plaintiff of rights secured by the Constitution and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution, the right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

37. As a result of the foregoing, Plaintiff was caused to suffer bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

38. As a result of the foregoing, Plaintiff demands monetary damages against Defendant ODONNELL and is further seeking punitive damages against Defendant ODONNELL in an amount to be determined by jury.

## AS AND FOR A FOURTH CLAIM OF FALSE ARREST
## AGAINST DEFENDANT ODONNELL & THE CITY OF NEW YORK

39. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. On or about October 3, 2014, Defendants, acting without probable cause,

intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiff, falsely arrested and imprisoned Plaintiff.

41. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

42. As a result of the foregoing, Plaintiff demands monetary damages against Defendants ODONNELL and THE CITY OF NEW YORK and is further seeking punitive damages against Defendant ODONNELL in an amount to be determined by jury.

## AS AND FOR A FIFTH CLAIM OF MALICIOUS PROSECUTION AGAINST DEFENDANT ODONNELL AND THE CITY OF NEW YORK

43. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. Defendants, acting intentionally, maliciously, and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff who was criminally prosecuted therefore until such prosecution was terminated in his favor on September 17, 2015.

45. As a result of the foregoing, Plaintiff was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

46. As a result of the foregoing, Plaintiff demands monetary damages against Defendant ODONNELL and THE CITY OF NEW YORK and is further seeking punitive damages against Defendant ODONNELL in an amount to be determined by jury.

### AS AND FOR A SIXTH CLAIM FOR ASSAULT AND BATTERY AGAINST DEFENDANT ODONNELL & THE CITY OF NEW YORK

47. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

48. On or about October 3, 2014, Defendants intentionally placed Plaintiff in apprehension of imminent harmful contact, and Defendants, in a hostile manner and without the consent of Plaintiff, intentionally caused harmful bodily contact with Plaintiff as described herein.

49. Defendant ODONNELL acted within the scope of his employment.

50. As a result of the foregoing, Plaintiff was caused to suffer bodily harm, substantial physical, emotional, mental and psychological pain, and was otherwise injured.

51. As a result of the foregoing, Plaintiff demands monetary damages against Defendant ODONNELL and THE CITY OF NEW YORK and is further seeking punitive damages against Defendant ODONNELL in an amount to be determined by jury.

### AS AND FOR A SEVENTH CLAIM OF NEGLIGENT HIRING AND TRAINING AGAINST DEFENDANT THE CITY OF NEW YORK

52. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

53. The aforementioned occurrence took place by reason of the negligence of Defendant THE CITY OF NEW YORK, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of Defendant ODONNELL.

54. The aforementioned occurrence took place by reason of the negligence of Defendant THE CITY OF NEW YORK, its agents, servants and/or employees, regarding the hiring, retention, supervision and disciplining of the Defendant ODONNELL.

55.     As a result of the foregoing, Plaintiff sustained severe and serious personal injuries and other consequential damages.

56.     As a result of the foregoing, Plaintiff demands monetary damages against Defendant THE CITY OF NEW YORK.

57. As a result of the foregoing, Plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the Defendants:

   a. Compensatory damages;

   b. Punitive damages against Defendant N.Y.C. POLICE OFFICER NEIL ODONNELL;

   c. The convening and empaneling of a jury to consider the merits of the claims herein;

   d. Costs and interest and attorney's fees;

   e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       October 27, 2015

Yours, etc.,

GIORDANO LAW OFFICES PLLC

By: _____
Carmen S. Giordano, Esq.
226 Lenox Avenue
New York, NY 10027
(212) 406-9466